[Cite as *Barr v. Lorain Cty. Dept. of Job & Family Servs.*, 2019-Ohio-2597.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

BARBARA BARR

      Appellant

      v.

LORAIN COUNTY DEPTARTMENT OF
JOB AND FAMILY SERVICES

      Appellee

C.A. No.     18CA011334

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16CV190175

DECISION AND JOURNAL ENTRY

Dated: June 28, 2019

CARR, Judge.

{¶1} Plaintiff-Appellant Barbara Barr appeals from the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands the matter for further proceedings consistent with this opinion.

I.

{¶2} In 2014, Ms. Barr was employed by Defendant-Appellee the Lorain County Department of Job and Family Services ("the Agency") as a clerical supervisor. At that time, she had worked for the Agency for over 20 years. As a clerical supervisor, Ms. Barr supervised four intake workers at the front desk. In addition, individuals referred to as W.E.P. workers worked for the Agency. These individuals were actually clients of the Agency who were required to work a certain number of hours for the Agency in order to receive public benefits. Ms. Barr also had W.E.P. workers under her supervision. One of those W.E.P. workers was P.R.

{¶3} On April 1, 2014, Ms. Barr was removed from her position. Following pre-disciplinary conferences, at which time P.R. provided a statement that was recorded, Ms. Barr was demoted to the position of data entry operator 2. This was a demotion in position and pay rate.

{¶4} At the time of her demotion, Ms. Barr's son was addicted to heroin. Understandably, Ms. Barr was very concerned for her son's welfare. Inter alia, the Agency alleged that Ms. Barr involved P.R. in these concerns and inappropriately used her work computer to look up an individual on a court website. With respect to the former allegation, on March 19, 2014, Ms. Barr asked P.R. if she recognized any phone numbers on a list, which contained numbers that Ms. Barr believed to be drug dealers and which Ms. Barr was considering turning over to the police. When P.R. indicated that she did recognize a number, Ms. Barr allegedly told P.R. to tell the person to not sell Ms. Barr's son drugs anymore. Later that day, someone called Ms. Barr's son and threatened their lives if Ms. Barr went to the police with the phone numbers. Ms. Barr then got in touch with P.R. and told P.R. to tell the person that Ms. Barr was not going to give the numbers to the police. The next day Ms. Barr requested that P.R. be reassigned allegedly both because someone had been making mistakes in the area where P.R. worked and because of the events the previous day.

{¶5} Ms. Barr appealed the demotion to the State Personnel Board of Review ("SPBR"). A hearing was held before an administrative law judge ("ALJ"), at which P.R. did not testify, but her prior statement was played. The ALJ issued a report and recommendation, in which the ALJ made several findings and recommended that Ms. Barr's demotion be affirmed.

{¶6} Ms. Barr filed objections to the ALJ's report and recommendation. SPBR heard oral argument and thereafter issued an order. SPBR adopted the findings of the ALJ but modified the ALJ's recommendation. SPBR concluded that:

> The record reflects that Appellant misused her position for personal reasons. However, Appellant's actions must be counterbalanced with her many years of satisfactory service with Appellee in her position. Further, Appellant's rather unique and difficult personal circumstances that unquestionably impacted on her behavior in this matter seem unlikely to be repeated. Finally, if Appellant is prospectively restored to her former position or a comparably-ranked position/pay, she still will have paid a hefty monetary penalty for her actions. This should certainly sensitize her to the need to carefully and faithfully follow all of Appellee's practices and procedures going forward.

> Wherefore, it is hereby **ORDERED** that Appellant's instant **REDUCTION** be **MODIFIED** to a **FINE** equivalent to the sum owed to Appellant representing the difference between her current pay and her back pay arising from restoration to her former classification of Clerical Supervisor, commencing from the effective date of the reduction until the final Order of this Board, pursuant to R.C. 124.03 and R.C. 124.34.

(Emphasis in original.)

{¶7} Ms. Barr then appealed to the court of common pleas. Ms. Barr argued that SPBR's finding that she misused her position for personal reasons was not supported by the evidence. In so doing, Ms. Barr challenged the consideration of P.R.'s unsworn statement at the hearing held by the ALJ. In addition, Ms. Barr asserted that, even if the Agency established a minor violation, the sanction was not warranted. The Agency filed a brief in opposition and a hearing was held. The court of common pleas issued a decision affirming SPBR's order.

{¶8} The court of common pleas concluded that one of the Agency's arguments was dispositive of the appeal: "the imposition of a fine, which is a penalty, is not subject to appeal." It concluded that, pursuant to *Henry's Cafe, Inc. v. Bd. of Liquor Control,* 170 Ohio St. 233 (1959), the court could not review the propriety of the decision of SPBR to restore Ms. Barr to her prior position without back pay. It does not appear that the court of common pleas

considered the merits of whether the decision of SPBR that Ms. Barr committed misconduct was supported by the record.

{¶9} Ms. Barr has appealed, raising two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AFFIRMING THE DECISION OF THE SPBR ON THE FACTS.

{¶10} Ms. Barr argues in her first assignment of error that the court of common pleas erred in affirming the decision of SPBR on the facts. Specifically, she asserts that the evidence did not support that she misused her position for personal reasons.

{¶11} "Pursuant to R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the court must consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and that the order is in accordance with the law." (Internal quotations omitted.) *Horn v. Ohio Dept. of Ins.*, 9th Dist. Lorain No. 15CA010892, 2017-Ohio-231, ¶ 10, quoting *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110 (1980).

> The common pleas court's review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence[,] and the weight [to be given it]. However, the findings of the agency are by no means conclusive. Accordingly, a court of common pleas may not substitute its judgment for that of an administrative agency, but must weigh the evidence in the record, including witness credibility.

(Internal citations and quotations omitted.) *Horn* at ¶ 10.

{¶12} Our review is even more limited than that of the court of common pleas. *Id.* at ¶ 11. "Unlike the court of common pleas, we do not determine the weight of the evidence. On

appeal, this court will only determine if the [court of common pleas] abused its discretion." (Internal citations and quotations omitted.) *Id.*

{¶13} Here, we conclude that Ms. Barr is challenging an issue that the court of common pleas did not review. While there is some language in the decision of the court of common pleas that may have caused Ms. Barr to believe that it resolved the issue, considering the entirety of the decision we can only conclude that court of common pleas did not review whether SPBR's conclusion that Ms. Barr engaged in misconduct was supported by the evidence. Instead, the court of common pleas specifically found that the Agency's fourth proposition of law was determinative of the entire appeal. That proposition was that "the imposition of a fine, which is a penalty, is not subject to appeal." Later in the decision, the court of common pleas stated that, "[a]s noted supra, this appeal can be resolved on the final proposition of law urged by [the Agency], to wit: Barr cannot appeal a punishment or, put another way, a common pleas court has no authority to disturb a sanction imposed by an administrative agency."

{¶14} However, even if we were to assume that the trial court was unable to modify Ms. Barr's sanction, we cannot say that the trial court was unable to review whether the record supported that Ms. Barr engaged in misconduct. *See Little v. State Med. Bd. of Ohio*, 10th Dist. Franklin No. 10AP-220, 2010-Ohio-5627, ¶ 5-6, 10-13. If the court of common pleas were to determine that the evidence did not support SPBR's conclusion that Ms. Barr engaged in misconduct, then there could be no penalty. *See Natoli v. Ohio State Dental Bd.*, 177 Ohio App.3d 645, 2008-Ohio-4068, ¶ 15 (10th Dist.) ("Without a violation, there can be no penalty.").

{¶15} Particularly because the scope of the court of common pleas' review is broader than this Court's, it would be inappropriate for this Court to presume that the court of common pleas considered this issue when its decision indicates otherwise. This matter is remanded to the

court of common pleas for it to consider the merits of Ms. Barr's argument. Ms. Barr's assignment of error is sustained only to that extent.

## ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED AS A MATTER OF LAW BY FIN[D]ING THAT THE [] BOARD'S IMPOSITION OF A "FINE" EQUIVALENT TO BARR'S BACK PAY CANNOT BE CHALLENGED ON APPEAL IF IT FINDS RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE TO SUPPORT THE ORDER.

{¶16} Ms. Barr argues in her second assignment of error that the court of common pleas erred in failing to review the penalty imposed upon her. Given our resolution of Ms. Barr's first assignment of error, it would be premature for this Court to review this argument.

### III.

{¶17} Ms. Barr's first assignment of error is sustained to the extent discussed above and her second assignment of error is premature. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CALLAHAN, J.
DISSENTING.

{¶18} I disagree with the lead opinion's conclusion that the trial court failed to consider the merits of the issue raised by Ms. Barr's first assignment of error. The trial court concluded that SPBR's decision on the merits of the appeal from the administrative law judge was "hardly arbitrary" and noted that SPBR's decision was "thoughtful, reasonable, and well-measured." The trial court applied *Henry's Café, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233 (1959), which held that a court of common pleas cannot modify a sanction based solely on a finding that the agency abused its discretion, but must first conclude that an administrative decision is not supported by reliable, probative, and substantial evidence. *Id*. at paragraphs two and three of the syllabus. Having done so, the trial court concluded, in part:

> That said, I agree with [SPBR's] determination that the evidence, testimony, and exhibits that make up the record demonstrate that Barr committed multiple instances of misconduct but that she nevertheless should be prospectively restored to her prior position without back-pay. As such, based on my determination that she cannot appeal a sanction to this Court, her appeal must be denied.

Simply put, *Henry's Café* and its progeny prohibit this Court from reviewing the propriety of the decision by [SPBR] to restore Barr to her prior position without back-pay. That decision was borne of a desire to harmonize her long years of unblemished service against her poor judgment and misconduct developed herein, supported by the evidence and testimony contained in the 440 pages of hearing transcript.

Regardless, by restoring Barr to her previous position without back-pay, [SPBR] struck a fair, reasonable, and measured balance based upon all of the testimony and evidence, much [of] which is not contested. *Because this Court finds the decision to be supported by reliable, probative, and substantial evidence*, and what Barr complains of is in reality[] a punishment, this Court cannot review [SPBR's] action on appeal.

(Emphasis added.) In other words, having reviewed the merits of Ms. Barr's appeal and having determined that SPBR's decision was supported by reliable, probative, and substantial evidence, the trial court acknowledged that it lacked the authority under *Henry's Café* to modify the sanction.

{¶19} Accordingly, I would review the merits of Ms. Barr's first and second assignments of error at this time. I respectfully dissent.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellant.

EUGENE NEVADA, Attorney at law, for Appellee.